UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHY M.,

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

**DECISION AND ORDER**

1:20-CV-00419 EAW

## **INTRODUCTION**

      Represented by counsel, plaintiff Kathy M. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

      Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 11; Dkt. 15), and Plaintiff's reply (Dkt. 16). For the reasons discussed below, Plaintiff's motion (Dkt. 11) is granted in part, the Commissioner's motion (Dkt. 15) is denied, and the case is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on May 26, 2017. (Dkt. 10 at 19, 222-230).[1] In her applications, Plaintiff alleged disability beginning December 23, 2015, due to chronic obstructive pulmonary disease ("COPD"), osteoarthritis, depression, anxiety, and scoliosis. (*Id.* at 19, 218). Plaintiff's applications were initially denied on September 21, 2017. (*Id.* at 19, 109, 110). At Plaintiff's request, a video hearing was held before administrative law judge ("ALJ") Hortensia Haaversen on May 22, 2019. (*Id.* at 19, 36-77). Plaintiff appeared in Buffalo, New York, and the ALJ presided over the hearing from Falls Church, Virginia. (*Id.* at 19). On July 12, 2019, the ALJ issued an unfavorable decision. (*Id.* at 19-31). Plaintiff requested Appeals Council review; her request was denied on April 6, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10). This action followed.

## LEGAL STANDARD

**I.  District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the

ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

I. **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2015. (Dkt. 10 at 21). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: COPD, scoliosis, generalized anxiety disorder, panic disorder, and depression. (*Id.* at 21-22). Beginning on January 24, 2018, the ALJ found that plaintiff also had the severe impairment of mild dementia. (*Id.* at 22). The ALJ further found that Plaintiff's medically determinable impairment of hepatitis was non-severe. (*Id.*).

At step three, the ALJ found that prior to January 24, 2018, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*). She found that after January 24, 2018, Plaintiff met Listing 3.02A. (*Id.* at 23). The ALJ considered Listings 3.02, 3.03, and 12.04, in reaching these conclusions. (*Id.* at 22-24).

Before proceeding to step four, the ALJ determined that prior to January 24, 2018, Plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) with the ability to lift and/or carry 50 pounds occasionally, 25 pounds frequently, stand and/or work up to 6 hours in an 8 hour workday, and sit up to 6 hours in an 8 hour workday, except that:

> [Plaintiff] must avoid concentrated exposure to dusts, fumes, odors, chemical irritants, poor ventilation, humidity, and temperature extremes. [Plaintiff] is limited to simple, routine, tasks.

(*Id.* at 24).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 29).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, that prior to January 24, 2018, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of linen room attendant, spiral binder, and sweeper cleaner. (*Id.* at 30). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act prior to January 24, 2018, but became disabled on that date and continued to be disabled through the date of the decision. (*Id.* at 31).

## II. <u>Remand of this Matter for Further Proceedings is Necessary</u>

Plaintiff asks the Court to remand this matter to the Commissioner, arguing that the ALJ's RFC finding is unsupported by substantial evidence because: (1) the ALJ improperly weighed the medical source opinions and instead substituted her own non-medical judgment as a lay person; and (2) the ALJ failed to find degenerative disc disease of the lumbar spine and fibromyalgia to be severe impairments. (Dkt. 11-1). The Court has considered each of these arguments and, for the reasons discussed below, finds that the ALJ's RFC finding was not supported by medical opinion evidence but was instead based

on her own lay assessment of the record. Accordingly, the Court finds remand of this matter for further proceedings necessary.

A. **Failure to Rely on Competent Medical Opinion**

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [her] decision." *Id*. However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). In other words:

> An ALJ is prohibited from 'playing doctor' in the sense that 'an ALJ may not substitute his own judgment for competent medical opinion. . . . This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.

*Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (citations omitted). "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted).

In this case, none of the physicians who assessed Plaintiff concluded that she was capable of medium work with the limitations set forth in the RFC. Consultative examiner Nikita Dave, M.D., examined Plaintiff on September 1, 2017. (Dkt. 10 at 321-29). Dr. Dave observed that Plaintiff was in slight acute distress and discomfort and her gait was slow and antalgic. (*Id.* at 323). Dr. Dave determined that Plaintiff had "[m]oderate to

marked limitations for prolonged sitting, standing, walking, repetitive bending, twisting, lifting, carrying, pushing, or pulling of heavy objects." (*Id.* at 325). Dr. Dave further opined that "[t]here may be some need to avoid smoke, dust, fumes, inhalants, chemicals, extremes of temperature, humidity, and severe physical exertion due to COPD." (*Id.*). The ALJ found Dr. Dave's first opinion relating to Plaintiff's exertional limitations less persuasive because "there is nothing in the record to show [Plaintiff] has moderate to marked limitations for prolonged sitting, standing, walking, repetitive bending, twisting, lifting, carrying, pushing, or pulling of heavy objects." (Dkt. 10 at 28). The ALJ indicated that she found this portion of the opinion less persuasive because Plaintiff's physical conditions are controlled with medication or required no treatment. The ALJ found the second portion of Dr. Dave's opinion, that Plaintiff required limitations in exposure to smoke, dust, fumes, inhalants, chemicals, extremes in temperature, humidity, and severe physical exertion, to be consistent with the record and persuasive.

The ALJ also found the opinion of non-examining consultative reviewer D. Miller, D.O., who reviewed the record on September 21, 2017, to be not persuasive. Dr. Miller found Plaintiff capable of light work and able in an 8 hour work day to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk (with normal breaks) for about 6 hours, and sit (with normal breaks) for about 6 hours. (*Id.* at 128). Dr. Miller opined that Plaintiff could occasionally climb ramps/stairs; climb ladders, ropes, or scaffolds; stoop; kneel; and crouch. (*Id.*). The ALJ concluded that Dr. Miller's conclusions regarding Plaintiff's exertional limitations were not persuasive because "the

evidence prior to the established onset date in January 2018 does not show the claimant's conditions were exceptionally limiting." (*Id.* at 28).

Finally, the ALJ concluded that the opinions of Renee Robbins-Yonkin, FNP-BC, Plaintiff's treating nurse practitioner in the office of Plaintiff's family care provider, not persuasive. On April 21, 2019, FNP Robbins-Yonkin completed a fibromyalgia medical source statement. (*Id.* at 554-57). In it, she indicated Plaintiff to have diagnosed impairments of fibromyalgia, chronic pain syndrome, COPD, vascular dementia, insomnia, dorsalgia, and Vitamin D deficiency. (*Id.* at 554). FNP Robbins-Yonkin opined that Plaintiff could sit less than two hours in an eight hour workday, and stand/walk less than two hours in an eight hour workday. (*Id.* at 555). She opined that Plaintiff could frequently lift less than 10 pounds, rarely lift 10 pounds, and never lift over 20 pounds. (*Id.* at 556). FNP Robbins-Yonkin indicated that Plaintiff was capable of low stress work, would be off-task 15 percent of the workday, and be absent from work 4 days a month as a result of her impairments or treatment. (*Id.* at 557).

The ALJ reasoned that FNP Robbins-Yonkin's opinions were not persuasive because:

> First, Ms. Robbins-Yonkin's opinions are not consistent with treatment notes from Dr. Fernaays' office. At no point prior to the established onset date do the records from Dr. Fernaays' office show the objective evidence required for a diagnosis of fibromyalgia. Additionally, [Plaintiff's] diagnosis of scoliosis did not yield objective evidence to support reduced lifting and standing/walking capabilities as indicated by Ms. Robbins-Yonkin. [Plaintiff's] most limiting condition is her COPD which Ms. Robbins-Yonkin does not even address.

(*Id.* at 28). The ALJ found the portion of FNP Robbins-Yonkin's opinion that Plaintiff is capable of low stress work to be persuasive and consistent with the record. (*Id.*). FNP

- 9 -

Robbins-Yonkin's other opinions relating to Plaintiff's mental health limitations were deemed less persuasive. (*Id.*).

Notwithstanding the medical opinions of record, the ALJ in this case performed her own assessment of Plaintiff's records to reach the conclusion that Plaintiff was capable of performing medium work prior to January 24, 2018. Plaintiff argues, and the Commissioner does not dispute, that this conclusion is particularly significant in this case because had the ALJ concurred with the medical opinions and found Plaintiff capable of only light or sedentary work, based on Plaintiff's age, education, and transferable skills, a finding of disabled would have been required pursuant to the Medical-Vocational Guidelines ("the grids").[2]

While "the ALJ's RFC finding does not need to track any single medical opinion," this is a case where "there is no medical opinion at all supporting the ALJ's finding." *Dennis*, 195 F. Supp. 3d at 474. Moreover, the ALJ here found the medical opinions to be less persuasive or not persuasive for conclusions she drew from information, or lack thereof, in the medical records. In other words, the ALJ acknowledged that her rejection

---

[2] SSA regulations set forth three age categories: (1) a "younger person," who is under the age of 50; (2) a "person closely approaching advanced age," who is between the ages of 50 and 54; and (3) a "person of advanced age," who is 55 or older. 20 C.F.R. § 404.1563(c), (d), (e). "These age categories are then used in the Medical–Vocational Guidelines (the 'Grids') to make determinations at step five of the [ALJ's disability] analysis." *Woods v. Colvin*, 218 F. Supp. 3d 204, 207 (W.D.N.Y. 2016). "The Grids divide work into sedentary, light, medium, heavy, and very heavy categories, based on the extent of a claimant's ability to sit, stand, walk, lift, carry, push, and pull" and "[e]ach exertional category of work has its own Grid, which then takes into account the plaintiff's age, education, and previous work experience" to assess whether a claimant is capable of engaging in substantial work activity. *Natasha D. v. Comm'r of Soc. Sec.*, No. 3:19-CV-515 (ATB), 2020 WL 1862966, at *13 (N.D.N.Y. Apr. 13, 2020).

of the medical opinions was based solely on her own review and interpretation of Plaintiff's medical records. "As a lay person, an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings. . . ." *Fioretti v. Colvin*, No. 1:15-CV-00143(MAT), 2017 WL 4053822, at *6 (W.D.N.Y. Sept. 13, 2017) (quotation omitted).

The Commissioner argues that the ALJ's RFC assessment is supported by substantial evidence and that Plaintiff's limitations are consistent with medium work. *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir 2019). The Commissioner further notes that FNP Robbins-Yonkin's April 2019 medical source statement does not indicate that her opinion is retrospective. But counsel's "after-the-fact explanation" for the RFC assessment "cannot serve as a substitute for the ALJ's findings," where here, the ALJ largely rejected the exertional limitations recommended in the medical opinions and did not include the lack of retrospective indication in the opinion to be a factor in that determination. *Hayden v. Comm'r of Soc. Sec.*, 338 F. Supp. 3d 129, 137 (W.D.N.Y. 2018).

Similarly, the Commissioner argues that the ALJ properly considered the evidence and that nothing requires the ALJ to rely on a medical source opinion in determining the RFC. "While in some circumstances, an ALJ may make an RFC finding without . . . opinion evidence, the RFC assessment will be sufficient only when the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source.'" *Muhammad v. Colvin*, No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017) (citation omitted). In other words, "the ALJ may not interpret raw medical data in functional terms." *Quinto*, 2017 WL 6017931, at *12 (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)). That is precisely

what the ALJ did here—she impermissibly reviewed the bare medical findings and translated them into functional assessments. This is reversible error. *See Henderson v. Berryhill*, 312 F. Supp. 3d 364, 371 (W.D.N.Y. 2018) (holding the ALJ's RFC finding was improper "[i]n the absence of the medical opinions rejected by the ALJ" and where the ALJ relied upon "raw medical data" in the plaintiff's treatment notes); *see also Gipps v. Berryhill*, No. 1:17-CV-01171 (HBF), 2019 WL 1986518, at *6 (W.D.N.Y. May 6, 2019) (remanding for further proceedings because "[d]uring the relevant period under review, there is no opinion of record by a treating physician or other medical provider that plaintiff was able to work and/or was ready to return to work or was capable of doing light work with the limitations found by the ALJ").

Finally, the Court finds that this is not a case in which Plaintiff's "impairments are relatively simple and mild," such that the ALJ was permitted to "render a common sense judgment about functional capacity even without a physician's assessment," particularly with the implications of a more restrictive finding in connection with the grid rules. *Sheri S. v. Berryhill*, No. 3:18-CV-192 (DJS), 2019 WL 1429522, at *4 (N.D.N.Y. Mar. 29, 2019). On these facts, it was not permissible for the ALJ to rely on her own assessment of Plaintiff's medical records in assessing her RFC.

For these reasons, the Court finds that remand of this matter for further proceedings is necessary. On remand, the ALJ must assess the medical opinions of record in accordance with the applicable regulations and determine Plaintiff's RFC based on competent medical opinion.

B.    **Plaintiff's Remaining Argument**

As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020) (declining to reach arguments concerning whether ALJ's findings were supported by substantial evidence where the court had already determined that remand was necessary); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019) (declining to reach argument concerning whether RFC was supported by substantial evidence where the court had already determined the ALJ had erred at step three analysis in evaluating whether plaintiff had met the requirements under a listing).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 11) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Dkt. 15) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: June 25, 2021
　　　　Rochester, New York